IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| ONEPOINT SOLUTIONS, LLC, a Georgia Limited Liability Company,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL BORCHERT and WILLIAM CATUZZI,<br><br>    Defendant. | Civil No. 05-1677 PAM/RLE<br><br>**COMPLAINT** |

Plaintiff ONEPOINT SOLUTIONS, LLC, alleges as follows:

I

## THE PARTIES

1.  Plaintiff ONEPOINT SOLUTIONS, LLC, (hereinafter "ONEPOINT") is a Georgia limited liability company in good standing in the State of Georgia, with its principal place of business located in Atlanta, Georgia.

2.  Defendant MICHAEL BORCHERT (hereinafter "BORCHERT") does business in Bloomington, Minnesota, and resides in Minnesota. BORCHERT served as a governor and manager of ONEPOINT and held the office of president in the State of Minnesota. At all relevant times, BORCHERT was the president and owner of PAYDAY, INC., a former member of ONEPOINT.

3.  ONEPOINT is informed and believes and thereon alleges that Defendant WILLIAM CATUZZI (hereinafter "CATUZZI") resides in the State of New Jersey. At all relevant times, CATUZZI was the president and owner of TOTAL PAY, INC., a former member of ONEPOINT. While TOTAL PAY, INC. was a member of ONE POINT, CATUZZI participated in, and did acts

SCANNED
AUG 08 2005
U.S. DISTRICT COURT MPLS

as, an governor and/or manager of ONEPOINT, including, but not limited to, attending meetings and executing minutes thereto which were conducted in the State of Minnesota, as herein alleged.

4.  Plaintiff is informed and believes, and thereon alleges, that at all relevant times herein, defendants and each of them were the agents, representatives, partners, or principals for each other, and were acting within the course and scope of their authority as such agent, representative, partner, or principal, and with the permission and consent of each of the other defendants or with their ratification.

## II

## PERSONAL JURISDICTION AND VENUE

5.  Jurisdiction in the federal court is proper pursuant to 28 U.S.C. § 1332. Complete diversity of citizenship exists between ONEPOINT and defendants BORCHERT and CATUZZI, and the amount in controversy exceeds $75,000.00.

6.  At all relevant times, BORCHERT and CATUZZI participated in business of ONEPOINT in the State of Minnesota. The member agreement for ONEPOINT stipulates that Minnesota law will be applicable. The acts of BORCHERT and CATUZZI of which ONEPOINT complains, as alleged herein, occurred in the State of Minnesota.

## III

## ALLEGATIONS OF FACT COMMON TO ALL CAUSES OF ACTION

A.  ONEPOINT's Business and Function for Its Members

7.  ONEPOINT is in the business of providing access to software and other services to businesses which operate as payroll service bureaus in the United States of America. Its members provide their clients with a range of payroll-related services, including collection of payroll data from

its customers, calculation of the necessary payroll taxes and deductions, coordination of the issuance of paychecks and direct deposits, generation of reports for management, preparation of tax filing materials, impounding of tax withholdings and making the required payments to the appropriate taxing authorities.

8. In or about August of 1999, ONEPOINT entered into a license agreement for a non-terminable software license to provide access to Millennium software for its members payroll services business.

9. Through ONEPOINT, members are provided with non-terminable licensing rights to use computer software its members require to conduct their businesses. Absent such software rights, the continuity of a payroll service bureau is not assured and can be tenuous.

B. The Removal of BORCHERT and CATUZZI from ONEPOINT

10. On or about February 24, 2004, in accordance with the terms of the member control agreement for ONEPOINT, BORCHERT and CATUZZI were formally removed as governors, managers and/or officers of ONEPOINT. At such time, demand was made to BORCHERT and CATUZZI on behalf of ONEPOINT for return of all documents, records and accounts of ONEPOINT.

11. BORCHERT and CATUZZI failed and/or refused to timely return of the documents, records and accounts of ONEPOINT.

C. The Misappropriation of the Funds of ONEPOINT

12. After having been legally removed as governors and managers of ONEPOINT, on or about March 19, 2004, in violation of the member control agreement and the laws of the State of Minnesota, BORCHERT and CATUZZI unlawfully facilitated the taking by BORCHERT,

CATUZZI and another individual named Chet Reilly of $33,000.00 each from ONEPOINT without authorization.

13. ONEPOINT did not discover the misappropriation of $99,000.00 of its funds by BORCHERT, CATUZZI and Chet Reilly until after June 4, 2004, when ONEPOINT finally received its documents, records and accounts from BORCHERT and CATUZZI. Within those documents, records and accounts, were "minutes" of a meeting between BORCHERT, CATUZZI and Chet Reilly in which they purported to act as directors and/or officers of ONEPOINT on March 19, 2004, and in such capacity approve taking $33,000.00 each. However, as alleged herein, at that time BORCHERT, CATUZZI and Chet Reilly acted without authority as each had been removed as directors and /officers on or about February 24, 2004.

14. Upon the discovery of the wrongful conduct of BORCHERT and CATUZZI, demand was made for the return of the monies of ONEPOINT.

15. BORCHERT and CATUZZI refused to disgorge and return the subject monies.

16. As a direct and proximate consequence of the tortuous misconduct by BORCHERT and CATUZZI, ONEPOINT incurred costs and expenses to recoup the monies unlawfully taking from it by BORCHERT and CATUZZI.

17. ONEPOINT has been damaged by the wrongful taking of its funds by BORCHERT and CATUZZI in an amount in excess of $75,000.00.

\\\

\\\

\\\

\\\

## IV

## **CLAIMS FOR RELIEF**

FIRST CLAIM FOR RELIEF

(Conversion)

18. ONEPOINT repleads and realleges paragraphs 1 through 17, inclusive, of this Complaint and incorporates each of the same herein by this reference.

19. At all relevant times, ONEPOINT was the owner of, and had the right of possession of the monies taken by BORCHERT and CATUZZI.

20. On or about March 19, 2004, BORCHERT and CATUZZI wrongfully took and converted the monies belonging to ONEPOINT.

21. As a direct and proximate result of the acts of BORCHERT and CATUZZI, ONEPOINT has suffered financial damages, including loss of funds, loss of use of funds and consequential damages in a sum to be determined at trial in a sum in excess of $75,000.00 for which BORCHERT and CATUZZI are jointly and severally liable.

SECOND CLAIM FOR RELIEF

(Tortious Interference With Contract)

22. ONEPOINT repleads and realleges paragraphs 1 through 21, inclusive, of this Complaint and incorporates each of the same herein by this reference.

23. BORCHERT and CATUZZI caused a breach of the terms of the "Member Control Agreement" by and through their acts of causing unauthorized and illegal distributions totaling $99,000.00 from ONEPOINT as alleged herein.

24. As a direct and proximate result ONEPOINT has suffered, and will continue to suffer,

damages, including loss of funds, loss of use of funds and consequential damages in a sum to be determined at trial in excess of $75,000.00 for which BORCHERT and CATUZZI are jointly and severally liable.

### THIRD CLAIM FOR RELIEF

(Money Had and Received)

25. ONEPOINT repleads and realleges paragraphs 1 through 24, inclusive, of this Complaint and incorporates each of the same herein by this reference.

26. On or about March 19, 2004, BORCHERT and CATUZZI became indebted to ONEPOINT in a sum to be proven at trial for money had and received by them for the use and benefit of ONEPOINT.

27. No part of said sum has been repaid by BORCHERT and CATUZZI.

### FOURTH CLAIM FOR RELIEF

(Breach of Fiduciary Duty)

28. ONEPOINT repleads and realleges paragraphs 1 through 27, inclusive, of this Complaint and incorporates each of the same herein by this reference.

29. At all relevant times, BORCHERT and CATUZZI were in a fiduciary relationship to ONEPOINT and owed special duties of care with respect to dealing with distributions and the property of ONEPOINT as specified in M.S.A. §§ 322B.54, 322B.663, and/or 322B.69.

30. BORCHERT and CATUZZI violated said duties by the conduct alleged herein and are liable for illegal distributions made pursuant to M.S.A. §§ 322B.55, 322B.56, or other provision of law.

31. BORCHERT and CATUZZI further breached their fiduciary duties owed to

ONEPOINT by taking money to their own benefit and against the financial interests of ONEPOINT, improperly distributing funds, usurping venture opportunities and withholding access to ONEPOINT's books, accounts and records in an effort to conceal their misdeeds and the true financial condition of the company.

32. As a direct and proximate result, ONEPOINT has suffered damages, including loss of funds, loss of use of funds and consequential damages in a sum to be determined at trial in a sum in excess of $75,000.00 for which BORCHERT and CATUZZI are jointly and severally liable.

## FIFTH CLAIM FOR RELIEF

(Civil Theft)

33. ONEPOINT repleads and realleges paragraphs 1 through 32, inclusive, of this Complaint and incorporates each of the same herein by this reference.

34. In so doing the acts alleged herein, BORCHERT and CATUZZI have committed acts constituting theft as defined by M.S.A. § 609.52 and receiving stolen property in violation of M.S.A. § 609.53 to the injury of ONEPOINT.

35. Pursuant to M.S.A. § 609.53, Subd. 4, ONEPOINT is entitle to recover three times the actual damages suffered plus the costs of suit and reasonable attorney's fees from BORCHERT and CATUZZI.

36. Said damages and fees will exceed $75,000.00 for which BORCHERT and CATUZZI are jointly and severally liable..

## SIXTH CLAIM FOR RELIEF

(Unjust Enrichment)

37. ONEPOINT repleads and realleges paragraphs 1 through 36, inclusive, of this

Complaint and incorporates each of the same herein by this reference.

38. As a result of the representations, acts and omissions herein alleged, BORCHERT and CATUZZI, and each of them, have engaged in self-enrichment and the misuse of ONEPOINT's funds to the detriment of ONEPOINT.

39. As a result thereof, BORCHERT and CATUZZI have been unjustly enriched in an amount to be determined at trial.

### SEVENTH CLAIM FOR RELIEF

(Civil Conspiracy)

40. ONEPOINT repleads and realleges paragraphs 1 through 39, inclusive, of this Complaint and incorporates each of the same herein by this reference.

41. BORCHERT and CATUZZI, and each of them, knowingly and willfully conspired and agreed among themselves to deprive ONEPOINT of its money, property and business opportunities.

42. BORCHERT and CATUZZI, and each of them, did the acts and things herein alleged in this Complaint pursuant to, and in furtherance of, their conspiracy.

43. As a direct and proximate result of the wrongful acts herein alleged, ONEPOINT has been damaged, including loss of funds, loss of use of funds and consequential damages in a sum to be determined at trial in a sum in excess of $75,000.00 for which Defendants are jointly and severally liable.

WHEREFORE, ONEPOINT prays for judgment against BORCHERT and CATUZZI, and each of them, as follows:

(1) As to all claims for relief for special damages,, including loss of funds, loss of use

of funds, consequential damages and loss of profits;

(2)   As to all claims for relief for general and compensatory damages;

(3)   For the costs of suit incurred herein and for pre-judgment interest

(4)   For treble damages, costs and reasonable attorney's fees pursuant to M.S.A. § 609.53, Subd. 4; and

(4)   As to all claims for relief, for such other and just relief as the court deems just and proper.

Dated this 3rd day of August, 2005.

**LAW OFFICES OF KEVIN C. YOUNG**

**s/ Kevin C. Young**
_____

By: Kevin C. Young, Esq.
CA. Bar No. 125298
Attorney for Plaintiff
750 B Street, Suite 2500
San Diego, CA 92101
Telephone: (619) 232-3090
Facsimile: (619) 696-0045
E-Mail: KevinCYoungEsq@aol.com

Dated this 3rd_ day of August, 2005.

**MILLER LAW FIRM**

**s/ Jon B. Miller**
_____

By: Jon B. Miller, Esq.
CA. Bar No. 99070
Attorney for Plaintiff
427 C Street, Suite 410
San Diego, CA 92101
Telephone: (619) 232-0086
Facsimile: (619) 696-0089
E-Mail: JonBMiller@sbcglobal.com

Dated this 3rd day of August, 2005.

                        **STEFANSON, PLAMBECK, FOSS & FISHER, PLLP**

                        **s/ Bruce A. Schoenwald**

                        By: Bruce A. Schoenwald, Esq.
                            MN. Bar No. 245288
                            Attorney for Plaintiff
                        403 Center Avenue, Suite 302
                              P.O. Box 1287
                        Moorhead, Minnesota 56561-1287
                          Telephone: (218) 236-1925
                          Facsimile: (218) 236-6697
                        E-Mail: bruces@stefansonlaw.com

## JURY DEMAND

Plaintiff hereby demands trial by jury, with the maximum number of jurors allowed by law.

                        **s/ Bruce A. Schoenwald**
                        Kevin C. Young, Esq.
                        Jon B. Miller, Esq.
                        Bruce A. Schoenwald, Esq.

# STEFANSON, PLAMBECK, FOSS & FISHER

A Professional Limited Liability Partnership
**LAWYERS**
U.S. BANK BUILDING • 403 CENTER AVENUE • SUITE 302
**P.O. Box 1287**
MOORHEAD, MINNESOTA 56561-1287

RANDOLPH E. STEFANSON (MN & ND)
DAN PLAMBECK (MN & ND)
TODD W. FOSS (MN & ND)
DENNIS D. FISHER (ND & IL)
CHRISTOPHER J. LANCASTER (ND, MN & MT)
BRUCE A. SCHOENWALD (MN & ND)
KENT B. GRAVELLE (MN & ND)

(218) 236-1925
FAX (218) 236-6697
e-mail: bruces@stefansonlaw.com
e-fax: (630) 604-9264

August 4, 2005

Mr. Richard D. Sletten
Clerk of US Dist. Ct.
202 US Courthouse
300 South 4th St.
Minneapolis, MN 55415

Re:  *OnePoint Solutions, LLC vs. Borchert, et al*
     **New Filing**
     Our File:     05-203

Dear Mr. Sletten:

Enclosed please find a check in the amount of $250.00 for the filing fee in the above-referenced matter. The filing documents were filed electronically on August 4, 2005. Thank you.

Sincerely,

Bruce A. Schoenwald
Attorney at Law

BAS/bs
Enclosure