UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

OnePoint Solutions, LLC,                          Civil No. 05-1677 (PAM/JJG)

                Plaintiff,

v.                                       **MEMORANDUM AND ORDER**

Michael Borchert and William Catuzzi,

                Defendants.

---

This matter is before the Court on Defendants' Motion to Dismiss. Because the Court lacks subject matter jurisdiction, the Motion is granted.

**BACKGROUND**

Plaintiff is a Georgia corporation that provides payroll-related services. Defendant Michael Borchert previously served as a governor and manager of Plaintiff and was also president of Plaintiff's Minnesota location. Defendant William Catuzzi served as president and owner of Total Pay, Inc., which was a member company of Plaintiff. On February 24, 2004, Plaintiff terminated Defendants from their positions. Approximately a month later, Defendants authorized three payments of $33,000: one to each Defendant and the third to an individual named Chet Reilly. Plaintiff demanded they return the money. Defendants refused, but Reilly returned his $33,000.

Prior to commencing this action, Plaintiff filed a complaint in Georgia state court, which was dismissed for lack of personal jurisdiction. Plaintiff filed this case on August 8, 2005, basing jurisdiction on diversity of citizenship. Plaintiff filed an Amended Complaint on

January 13, 2006, asserting the following seven claims: conversion; tortious interference with contract; money had and received; breach of fiduciary duty; civil theft under Minn. Stat. §§ 604.14, 609.52, and 609.53; unjust enrichment; and civil conspiracy. Defendants filed their Motion to Dismiss on January 24, 2006, seeking dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction based on Plaintiff's failure to allege more than $75,000 in controversy. Defendants also seek dismissal under Rule 12(b)(6) for failure to state a claim.

**DISCUSSION**

**A.     Standard of Review**

A court should generally resolve any questions pertaining to jurisdiction before reaching issues on the merits. Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 764 (8th Cir. 2001). Because the question of subject matter jurisdiction will depend on resolution of the merits in this case, however, the Court will first examine the Amended Complaint under Rule 12(b)(6). In doing so, the Court will take all facts alleged in the Amended Complaint as true. See Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). The Court will construe the allegations in the Amended Complaint and all reasonable inferences arising therefrom favorably to Plaintiff. See Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).

**B.     Failure to State a Claim under Rule 12(b)(6)**

   1.     Civil Theft Claim

Defendants seek to dismiss Plaintiff's claim for civil theft brought under Minn. Stat. §§ 604.14, 609.52, and 609.53. Defendants focus first on §§ 609.52 and 609.53, which are

2

criminal statutes. They contend this aspect of Plaintiff's claim must be dismissed because Defendants neither were convicted of nor pled guilty to receipt of stolen property.

The Court dismisses Plaintiff's claim for civil theft under § 609.52 because the statute does not provide for any civil liability. Turning to § 609.53, the statute provides that a person may bring a civil action if he or she has been injured by a "violation" of the statute. The Court interprets this provision to require a conviction. See Minn. Min. & Mfg. Co. v. Johnson & Johnson, No. 4-86-359, 1991 WL 441901, at *79 (D. Minn. Apr. 30, 1991) (Symchych, Spec. Master). The legislature has shown it can carve out a conviction requirement when it so intends. See Minn. Stat. § 604.14, subd. 4 ("The filing of a criminal complaint, conviction, or guilty plea is not a prerequisite to liability under this section."). The legislature did not do so in § 609.53. Because neither Defendant was convicted of theft, Plaintiff may not maintain a claim for civil theft under Minn. Stat. § 609.53.

Section 604.14 imposes civil liability for theft of property: "A person who steals personal property from another is civilly liable to the owner of the property for its value when stolen plus punitive damages of either $50 or up to 100 percent of its value when stolen, whichever is greater." Minn. Stat. § 604.14, subd. 1. As previously mentioned, a conviction is not a prerequisite to liability under this statute. Id. at subd. 4. Plaintiff contends in the Amended Complaint that it is entitled to receive the value of the stolen money plus 100 percent of its value as punitive damages.

Although the Amended Complaint does not request punitive damages per se, Defendants ask the Court to strike the reference to the punitive damages aspect of the statute because

3

under Minnesota law, Plaintiff may not seek punitive damages in its initial pleading. See Minn. Stat. § 549.191; Fournier v. Marigold Foods, Inc., 678 F. Supp. 1420, 1422 (D. Minn. 1988). Although it is true that Plaintiff should not have referred to the punitive damages aspect of the statute, the Court recognizes that Plaintiff did so in an attempt to meet the amount in controversy requirement, which the Court discusses below. It is unnecessary to strike the reference to punitive damages, however, because the Court is dismissing the Amended Complaint in its entirety on other grounds.

Defendants next argue that Plaintiff's civil theft claim under § 604.14 must be dismissed because the Amended Complaint implies Defendants were acting under a claim of right at the time of the alleged theft. The criminal statute defines theft as an act done "intentionally and without claim of right." Minn. Stat. § 609.52, subd. 2(1) (emphasis added). This definition has been extended to civil contexts. See, e.g., Prinzig v. Schwab, No. A05-398, 2006 WL 538926, at *2 n.1 (Minn. Ct. App. Mar. 7, 2006). However, dismissal is not warranted on this basis. Considering that all inferences must be made in Plaintiff's favor and that Plaintiff may plead in the alternative, it is reasonable to infer from the Amended Complaint that Defendants were not acting under a claim of right, but were acting wrongfully and knew it. In addition, a claim of right defense would require consideration of facts outside the Amended Complaint and is therefore not an appropriate basis for dismissal. Thus, Plaintiff has sufficiently stated a claim for civil theft under Minn. Stat. § 604.14.

    2.    <u>Plaintiff's Claim for Attorney's Fees Under the Third-Party Litigation Exception to the American Rule</u>

Plaintiff seeks $20,000 in attorney's fees related to two causes of action – tortious interference with contract and breach of fiduciary duty. Plaintiff wants not only attorney's fees in the present litigation but also costs and expenses it incurred to recover the $33,000 from Reilly. Plaintiff asserts its right to recover these fees under the third-party litigation exception to the American rule on attorney's fees.

Defendants respond that the third-party litigation exception does not allow a plaintiff to recover attorney's fees in subsequent suits against the same defendants or where the defendants are privy to the events giving rise to the litigation. In addition to seeking fees incurred from recovering funds from Reilly, Plaintiff is attempting to recoup fees from each Defendant for his part in authorizing the $33,000 payment to the other. According to Defendants, this contradicts the remainder of the Amended Complaint in which Plaintiff alleges that Defendants acted jointly in approving the payments. Defendants urge the Court to conclude from the facts alleged in the Amended Complaint that Defendants were not third parties to separate transactions.

Under the American rule, parties must pay for their own attorney's fees. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975). A litigant may not recover attorney's fees absent a specific contract or statutory authorization. Key Tronic Corp. v. United States, 511 U.S. 809, 819 (1994); Kallok v. Medtronic, Inc., 573 N.W.2d 356, 363 (Minn. 1998). An exception to the American rule is that a plaintiff can recover attorney's fees when "the defendant's tortious act thrusts or projects the plaintiff into litigation with a third party." Id. This third-party litigation exception applies only to litigation with third parties, not

5

antecedent litigation between the same parties. See Stickney v. Goward, 201 N.W. 630, 631 (Minn. 1925).

Plaintiff relies heavily on Kallok as a basis for its claim for attorney's fees. There, a third party tortiously interfered with a noncompete agreement between an employee and his previous employer. Kallok, 573 N.W.2d at 362. The trial court properly ordered the third party to pay attorney's fees to the previous employer because the interference thrust the previous employer into litigation with the former employee. Id. at 363. Here, however, the only possible inference from the Amended Complaint is that Defendants were joint tortfeasors, acting together in a single event that gave rise to this litigation. The facts alleged in the Amended Complaint do not support an inference that Borchert's wrongful act thrust Plaintiff into litigation with Catuzzi as a third party, and that Catuzzi's wrongful act thrust Plaintiff into litigation with Borchert as a third party. Thus, neither Borchert nor Catuzzi is a third party. See Signergy Sign Group, Inc. v. Adam, No. 00-13089, 2002 WL 32442823, at *4 (Minn. Dist. Ct. Oct. 23, 2002). If Plaintiff's position were the law, a plaintiff would be entitled to attorney's fees whenever it sued two or more defendants who acted jointly. Plaintiff has failed to state a claim for attorney's fees expended in recovering funds from Defendants.

Plaintiff also contends that it is entitled to the costs of recovering the $33,000 from Reilly under the third-party litigation exception because Defendants' acts thrust Plaintiff into litigation with Reilly. This argument neglects a critical detail: Plaintiff never litigated against Reilly. Accordingly, Plaintiff has no claim for attorney's fees under the third-party litigation

exception.

Plaintiff has failed to state a claim on which relief may be granted for civil theft under Minn. Stat. §§ 609.52 and 609.53, and for attorney's fees.  These claims are dismissed.

**C.     Subject Matter Jurisdiction**

After dismissal of the claims discussed above, Defendants argue that the amount in controversy does not exceed $75,000.  Defendants concede that Plaintiff has claims against each of them for $33,000, but they maintain that Plaintiff's claims amount to only $66,000 and no more.

A federal district court has subject matter jurisdiction over a civil action between citizens of different states when the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  In determining whether subject matter jurisdiction exists, the Court may consider matters outside the pleadings.  See Arbaugh v. Y&H Corp., 126 S. Ct. 1235, 1244 (2006); Rasmussen v. State Farm Mut. Auto. Ins. Co., 410 F.3d 1029, 1031 (8th Cir. 2005).  Plaintiff has the burden to prove the amount in controversy by a preponderance of the evidence.  See Rasmussen, 410 F.3d at 1031; Kopp v. Kopp, 280 F.3d 883, 884 (8th Cir. 2002).

Plaintiff first contends it is entitled to treble damages under Minn. Stat. § 609.53, but the Court dismissed the claim for civil theft brought pursuant to this statute.  Consequently, Plaintiff does not meet the $75,000 threshold by claiming treble damages under § 609.53.

Plaintiff next argues that more than $75,000 is in controversy because it has a claim for punitive damages under Minn. Stat. § 604.14, which provides for additional damages of up to 100 percent when a person is found civilly liable for stealing personal property.  The Court

may consider a claim for punitive damages in determining the amount in controversy. See Krahn v. Cross Country Bank, No. 01-2069, 2003 WL 21005295, at *2 (D. Minn. Apr. 23, 2003) (Magnuson, J.) (citations omitted). Plaintiff must come forth with a preponderance of evidence establishing the threshold amount.[1] Rasmussen, 410 F.3d at 1031; Allison v. Sec. Benefit Life Ins. Co., 980 F.2d 1213, 1215 (8th Cir. 1992) (quotation omitted); see also Larkin v. Brown, 41 F.3d 387, 388-89 (8th Cir. 1994) (requiring "competent proof" of punitive damages) (quotation omitted). The Court may dismiss for lack of subject matter jurisdiction only when it is a "legal certainty" that Plaintiff cannot meet the jurisdictional requirement. See Allison, 980 F.2d at 1215 (citation omitted). Although Plaintiff has the burden to establish jurisdiction, it has presented no evidence at all. Thus, the claim for punitive damages cannot be used to establish the amount in controversy. See Krahn, 2003 WL 21005295, at *2 ("Mere theoretical possibilities that the amounts could exceed $75,000 do not demonstrate the amount in controversy to any legal certainty."). Plaintiff's claim for punitive damages cannot be counted toward the $75,000 amount in controversy requirement.

Plaintiff's final argument in reaching the $75,000 threshold is a potential award of attorney's fees. "[O]nly statutory attorney fees count toward the jurisdictional minimum calculation." Rasmussen, 410 F.3d at 1031 (citing Crawford v. F. Hoffman-LaRoche, Ltd., 267 F.3d 760, 766 (8th Cir. 2001)). Although Plaintiff cites no statutory authority, it contends that attorney's fees could be awarded under the third-party litigation exception. The Court has

---

[1] Given Plaintiff's failure to provide any proof at all, the Court need not decide whether the "clear and convincing" standard of Minn. Stat. § 549.20 applies.

already determined that the exception does not apply as a matter of law because Defendants are not third parties and because Plaintiff never litigated a claim against Reilly. In addition, Plaintiff has not produced any evidence of costs purportedly incurred in collecting the money from Reilly. Thus, there is no potential for attorney's fees under the third-party litigation exception.

Because the amount in controversy does not exceed $75,000 as a legal certainty, Defendants are entitled to dismissal for lack of subject matter jurisdiction.

**CONCLUSION**

Plaintiff has failed to prove that at least $75,000 is in controversy in this diversity action. As a result, the Court does not have subject matter jurisdiction, and Defendants are entitled to dismissal under Federal Rule of Civil Procedure 12(b)(1). Accordingly, based on

all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss (Docket No. 19) is **GRANTED**; and

2. This case is **DISMISSED WITHOUT PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 1, 2006

                                                  s/ Paul A. Magnuson
                                                  Paul A. Magnuson
                                                  United States District Court Judge